**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Warren Frank Stafford,<br>Petitioner,<br>vs.<br>Charles Ryan; et al.,<br>Respondents. | No. CIV 09-363-TUC-DCB (GEE)<br>**REPORT AND RECOMMENDATION** |

On July 29, 2009, Warren Frank Stafford, an inmate confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Before the court are the petition and the respondents' answer.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Stafford was convicted after a bench trial of "one count of sexual abuse of a minor under the age of fifteen, one count of sexual contact with a minor under the age of fifteen, and five

counts of sexual conduct with a minor under 15." (Respondents' answer, Exhibit A.) The trial court sentenced Stafford to a combined sentence of 125 years' imprisonment. *Id*.

Stafford filed a timely notice of direct appeal and argued "(1) he did not knowingly, intelligently, and voluntarily waive his right to a jury trial; (2) the trial court fundamentally erred by allowing testimony about the victim, N.'s, prior consistent statements; and (3) insufficient evidence was presented to support one count of sexual conduct with a minor." *Id*. The court of appeals affirmed his convictions and sentences on July 10, 2003. *Id*. The Arizona Supreme Court denied review on April 20, 2004. (Respondents' answer, p. 3.)

On June 4, 2004, Stafford filed his first notice of post-conviction relief. *Id*. He argued in his petition that (1) trial counsel was ineffective for (a) advising him to waive his right to a jury trial, (b) failing to investigate numerous potential witnesses, (c) allowing the state to introduce the victim's prior inconsistent statements, and (d) failing to subpoena two character witnesses; (2) newly discovered evidence that the victim was pregnant when she made her accusations warrants a new trial; and (3) his right to a jury trial was violated when the trial court made a finding of aggravating factors. *Id*. The trial court conducted a hearing on the ineffectiveness claims but ultimately denied the petition. *Id*., pp. 3-4.

Stafford appealed the trial court's ruling on three of the ineffectiveness claims, but the court of appeals denied relief. *Id*., p. 4. The Arizona Supreme Court denied review on June 3, 2008. *Id*.

On August 5, 2008, Stafford filed a second notice of post-conviction relief. *Id*. The trial court dismissed the action on February 18, 2009, for failure to file a timely petition. *Id*.; Exhibit M.

On June 20, 2009, Stafford filed[1] the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] He raises the following claims: (1) he did not knowingly, intelligently, and voluntarily waive his right to a jury trial and (2) trial counsel was ineffective for (a) advising him to waive his right to a jury trial, (b) allowing the state to introduce the victim's prior consistent statements, and (c) failing to present the testimony of two witnesses. *Id.*

The respondents filed an answer arguing, among other things, that the petition is time-barred. Stafford did not file a reply.

<u>Discussion</u>

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The respondents assume the filing date is June 20, 2009, based on the prison mailbox rule. (Respondents' answer, p. 4); *see also Houston v. Lack,* 487 U.S. 266, 268, 108 S.Ct. 2379, 2381 (1988) (Notice of appeal is considered filed when a pro se prisoner delivers the notice to prison authorities for forwarding.); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). The court assumes without deciding this is the correct filing date. *But see* (Petition, p. 10) (indicating the petitioner was represented by counsel when the petition was deposited in the regular mail).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for all of Stafford's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Stafford had 90 days after the Arizona Supreme Court denied review of his direct appeal to file a petition for writ of certiorari. His judgment became final when he failed to do so – July 19, 2004. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The limitation period did not immediately commence, however, because Stafford's first post-conviction relief proceeding was pending at that time. *See* 28 U.S.C. § 2244(d)(2). This proceeding tolled the limitation statute until June 3, 2008, when the Arizona Supreme Court denied his petition for review. *Id.*, p. 8. The limitation period began running the next day and ended one year later on June 3, 2009. The instant petition was filed on June 20, 2009. It is time-barred.

Stafford's second post-conviction relief proceeding was pending during this limitation period, but the respondents argue this proceeding did not qualify for statutory tolling because the trial court ultimately dismissed it for failure to file a timely petition. The court agrees that statutory tolling is not available, but does not entirely agree with the respondents' reasoning.

The trial court's order dismissing the second post-conviction relief proceeding precludes tolling *after* the order was issued. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007), *cert. Denied*, 129 U.S. 33 (2008). It does not, however, preclude tolling between the time the notice was filed and the date the order issued. *Id.* Tolling during this interval would be proper if the notice itself was timely filed. This court concludes it was not.

The notice was untimely because it was filed after the deadline for filing notice of post-conviction relief. *See* Ariz.R.Crim.P. 32.4(a). The state court did not specifically find the notice untimely, but if the state court fails to decide the issue, this court must do so for itself. *See Evans v. Chavis,* 546 U.S. 189, 198, 126 S.Ct. 846, 854 (2006) ("[T]he Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.). Because the notice was untimely, it was not "properly filed" and did not toll the limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) (An untimely petition for post-conviction relief is not "properly filed" and does not toll the limitation period under § 2244(d)(2).).

The court notes that the Arizona Rules of Criminal Procedure permit a defendant to raise an untimely claim under certain circumstances. Ariz.R.Crim.P. 32.4(a). In particular, a defendant may raise an untimely claim if "[n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence." Ariz.R.Crim.P. 32.1(e).

In his second notice of post-conviction relief, Stafford asserted that his claim qualified for this exception. (Respondents' answer, Exhibit L, p. 3.) Unfortunately, Stafford never followed up by filing his actual petition. He therefore never established his entitlement to this gateway exception.

This court concludes Stafford's second notice of post-conviction relief was untimely and did not qualify for the "newly discovered material facts" exception. Accordingly, his notice was not properly filed and did not toll the limitation period pursuant to 28 U.S.C. § 2244(d)(2).

<u>RECOMMENDATION</u>

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. [doc. #1] It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 22nd day of April, 2010.

Glenda E. Edmonds
United States Magistrate Judge