**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Warren Frank Stafford, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> Charles L. Ryan, et al., ) <br> ) <br> Respondents. ) <br> ) <br> _____ ) | CV-09-363-TUC-DCB <br><br><br><br> **ORDER** |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and LRCiv 72.2 for pretrial management and a Report and Recommendation (R&R). Before the Court are a Petition for Writ of Habeas Corpus filed pursuant to 42 U.S.C. §2254, a Report and Recommendation from the Magistrate Judge, and Petitioner's Objection. The Magistrate Judge recommends that the Court deny and dismiss the Petition for Writ of Habeas Corpus as time-barred.

**A. Untimely Filed Petition for Writ of Habeas Corpus**

Petitioner disputes the Magistrate Judge's conclusion that the second notice was untimely filed. (Objection at 3.)[1] Petitioner goes on to conclude that "[t]he record is clear that the running of the statutory time did not begin June 3, 2008, but in fact, 90 days hence on August 1,

---

[1] Petitioner cites to Rule 32.4 of the Arizona Rules of Criminal Procedure but only includes the beginning quotation mark not the end, so it is unclear where the quotation is intended to stop. (Objection at 3 ¶ 13-20.)

2008, and therefore, the filing of the Petition on June 20, 2009 is within the limitation period." (Objection at 3 ¶12-24.)

After conducting an independent review of the record, the Court agrees with the Magistrate Judge, as follows:

> The limitation period did not immediately commence, however, because Stafford's first post-conviction relief proceeding was pending at that time. See 28 U.S.C. 2244(d)(2). This proceeding tolled the limitation statute until June 3, 2008, when the Arizona Supreme Court denied his petition for review. Id., p. 8. The limitation period began running the next day and ended one year later on June 3, 2009. The instant petition was filed on June 20, 2009. It is time-barred.

(R&R at 4 ¶13-18.)

The Magistrate Judge went on to correctly conclude that the second post-conviction relief proceeding did not toll the running of the statute, because it was filed after the deadline for filing a notice of post-conviction relief and was therefore not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Also, that the notice of post-conviction relief did not qualify for the "newly discovered material facts" exception, because no actual petition was ever filed. Ariz.R.Crim.P. 32.4(a).

**B. Certificate of Appealability (COA) Denied**

This Court has authority to issue a COA, if the Petitioner has made a substantial showing that he was denied a federal constitutional right. 28 U.S.C. § 2253(c)(2).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." *United States v. Martin,* 226 F.3d 1042, 1046 (9th Cir. 2000) (citation omitted).

The issue is somewhat more complicated where the district court dismisses the petition based on procedural grounds, without reaching the merits of the underlying claim, then the COA issues if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* The first step is to decide whether the petition raises a debatable constitutional question, then the question is whether the procedural issue raised in the petition is highly debatable. *Id.*

Here, the Court ruled on procedural grounds. The Court finds that neither the constitutional question raised nor the procedural rule applied are highly debatable by jurists of reason. The Court denies Petitioner a COA. *See* Rule 11(a) of the Rules Governing §2254 Cases in the United States District Courts (2009).

Accordingly,

IT IS ORDERED that Magistrate Judge Edmonds' Report and Recommendation (Doc. No. 14) is ACCEPTED and ADOPTED by this Court as the findings of fact and conclusions of law.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied and dismissed as time-barred. This action is terminated.

IT IS FURTHER ORDERED that the Certificate of Appealability is DENIED.

DATED this 25th day of May, 2010.

David C. Bury
United States District Judge

3