**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Warren Frank Stafford, | No. CIV 09-363-TUC-DCB (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan; et al., | |
| Respondents. | |

On July 29, 2009, Warren Frank Stafford, an inmate confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254.  (Doc. 1)

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition on the merits.  Stafford's waiver of his right to a jury trial was voluntary, knowing, and intelligent.  Stafford's trial counsel was not ineffective.

Summary of the Case

Stafford was convicted after a bench trial of "one count of sexual abuse of a minor under 15, one count of sexual contact with a minor under 15, and five counts of sexual conduct with a minor under 15."   (Doc. 25, p. 2)  The sole victim and primary prosecution witness was

Stafford's daughter, N. Stafford's theory of defense was that N. fabricated her accusations because she was angry with her parents and their restrictions. (Doc. 26-4, pp. 29-30) The trial court sentenced Stafford to a combined sentence of 125 years' imprisonment. *Id.*

Stafford filed a timely notice of direct appeal arguing "(1) the State record was insufficient to establish that he had made a knowing, intelligent and voluntary waiver of his right to a jury trial; (2) the trial court committed fundamental error by allowing the State to introduce testimony of N.'s disclosure of the sexual abuse; and (3) the State presented insufficient evidence to sustain one count of sexual conduct with a minor." (Doc. 25, p. 3) The court of appeals affirmed his convictions and sentences on July 10, 2003. (Doc. 13-1, pp. 2-9) The Arizona Supreme Court denied review on April 20, 2004. (Doc. 13-1, p 53)

On June 4, 2004, Stafford filed his first notice of post-conviction relief. (Doc. 25, p. 3) He argued in his petition that (1) trial counsel was ineffective for (a) advising him to waive his right to a jury trial, (b) failing to investigate potential witnesses, (c) allowing the state to introduce the victim's out-of-court statements disclosing the abuse, and (d) failing to subpoena two character witnesses; (2) newly discovered evidence that the victim was pregnant when she made her accusations warrants a new trial; and (3) his right to a jury trial was violated when the trial court made a finding of aggravating factors. *Id.* The trial court conducted a hearing on the ineffectiveness claims but ultimately denied the petition. *Id.*, pp. 3-4.

Stafford appealed the trial court's ruling on claims (1)(a), 1(c), and 1(d), but the court of appeals denied relief. *Id.*, p. 4. The Arizona Supreme Court denied review on June 3, 2008. *Id.*

On August 5, 2008, Stafford filed a second notice of post-conviction relief. *Id.* The trial court dismissed the action for failure to file a timely petition. *Id.*

In the instant petition, Stafford raises the following claims: (1) he did not knowingly, intelligently, and voluntarily waive his right to a jury trial and (2) trial counsel was ineffective for (a) advising him to waive his right to a jury trial, (b) failing to properly subpoena two

witness, and (c) allowing the state to introduce the victim's prior consistent statements. (Doc. 1)

The respondents filed an answer conceding that the claims were properly exhausted but arguing the petition was time-barred. (Doc. 13) This court dismissed the petition as time-barred on May 27, 2010. (Doc. 16)

Stafford appealed, and the Ninth Circuit reversed. (Doc. 22) On remand, this court ordered the respondents to file a supplement to their original answer addressing the merits of the petition, which they did on August 17, 2012. (Doc. 25) Stafford did not file a reply.

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior*

- 3 -

*Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [his] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Discussion: Waiver of Trial by Jury

Stafford first claims he did not knowingly, intelligently, and voluntarily waive his right to a jury trial. (Doc. 1, pp. 4-5)

"A defendant may waive the constitutional right to a jury trial if the waiver is made voluntarily, knowingly, and intelligently." *Brown v. Burns*, 996 F.2d 219, 221 (9th Cir. 1993) "And whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278, 63 S.Ct. 236, 241 (1942).

In this case, Stafford executed a written waiver of his right to a jury trial, which was submitted to the trial court. (Doc. 25-1, p. 2) Stafford's counsel explained to the court that he had discussed with Stafford the "pluses and minuses" of his waiver and the "dual role" the court would assume as the "trier of fact and trier of law." (Doc. 25-1, p. 6) He stated that Stafford had decided to waive his right to a jury trial based on his recommendation. *Id*.

The trial court then addressed Stafford personally. *Id*, p. 6 As a preliminary matter, the court established that Stafford had not taken any drugs or medication that might affect his thinking. *Id*., p. 7 Stafford stated that he understood the waiver form and that he had signed it. *Id*., pp. 7-8

- 4 -

1 | The trial court then formally explained to Stafford his constitutional rights to a trial by jury on all charges. *Id*., p. 8  He further explained the possible sentences that might be imposed. *Id*., pp. 9-14.  Stafford stated that he understood his rights and affirmed his desire to waive his right to a trial by jury.  *Id*., pp, 8, 9, 14.  The trial court found that Stafford's waiver was "knowingly, voluntarily, and intelligently made." *Id*., p. 14.

The court of appeals found, based on the trial court's colloquy, that Stafford "knowingly, intelligently, and voluntarily waived his right to a jury trial." (Doc. 13-1, p. 6)

In his petition, Stafford argues generally that the record was insufficient to support the trial court's finding that his waiver was made knowingly, voluntarily, and intelligently. (Doc. 1, p. 5)  He implies counsel did not spend enough time discussing the issue with him, but he does not explain specifically what counsel failed to tell him or why his waiver was constitutionally infirm. *Id*.

This court finds that Stafford's waiver of his right to a jury trial was made voluntarily, knowingly, and intelligently.  The waiver was made in writing and affirmed in open court.  The defendant's decision to waive his right to a jury trial was made after consultation with counsel.  The defendant was addressed personally by the trial court who found, based on that colloquy, that Stafford's waiver was made knowingly, voluntarily, and intelligently.  *See, e.g., Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) ("An examination of the record indicates that Hensley was fully aware of the scope of the right he was waiving and did so as a strategic decision."); *Tenore v. Campbell*, 2008 WL 2477394, 3 (N.D.Cal. 2008) (Defendant's waiver was knowing and intelligent, in part, because "[t]he Superior Court explained to [the defendant] the contours of the jury trial right and [the defendant] stated that he understood the concept of a jury trial and that he was waiving the right 'freely and voluntarily.'").

The decision of the Arizona Court of Appeals in this matter was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

- 5 -

Discussion: Ineffective Assistance of Counsel

Stafford further argues trial counsel was ineffective for (a) advising him to waive his right to a jury trial, (b) failing to properly subpoena two witness, and (c) allowing the state to introduce the victim's prior consistent statements. (Doc. 1)

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *Luna v. Cambra*, 306 F.3d 954, 961(9th Cir. 2002), reissued as amended, 311 F.3d 928 (9th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)). Habeas relief, however, is available only if "counsel's performance was deficient" and the "deficient performance prejudiced the defense." *Id.* To show prejudice, the petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner challenges his conviction, he must show "there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal citation omitted).

In his first claim of attorney error, Stafford argues trial counsel was ineffective for advising him to waive his right to a jury trial. (Doc. 1, pp. 5-6) He complains that counsel did not raise the issue until the afternoon before trial. *Id.* During that conversation, counsel told Stafford that a bench trial would be better because it would be easier to convince one person

- 6 -

that he was not guilty than to convince twelve. *Id*. Counsel stated his concern that Stafford faced a large number of counts. *Id*. Counsel also told Stafford that he knew the judge and believed him to be fair. *Id*. Stafford does not argue that he was prejudiced by counsel's advice. *Id*.

The trial court held an evidentiary hearing on the ineffective assistance claims and took testimony from trial counsel, Stafford, his wife, his daughter (not the victim), his son, his paternal grandparents, and Michael Mussman, trial supervisor at the Public Defender's Office. (Doc. 13-2, p. 4)

At the hearing, trial counsel testified that he informed Stafford of the advantages and disadvantages of waiving his right to a jury trial. (Doc. 13-2, p. 5) He explained that the judge would be dispassionate and unlikely to be swayed by a victim's tears. *Id*. He admitted saying he believed the trial court to be fair and impartial. *Id*. He denied telling Stafford that it would be easier to convince one person that he was not guilty than to convince twelve. (Doc. 26-4, p. 20-21) He did express his concern that Stafford faced a large number of counts (13). (Doc. 13-2, p. 6)

Counsel also was concerned that the prosecution would introduce evidence that, when Stafford was first confronted with the victim's accusations, he said *he did not recall* whether or not he ever engaged in sexual relations with his daughter. (Doc. 13-2, p. 5) Trial counsel intended to explain Stafford's unusual response by introducing expert testimony that Stafford suffered from post-traumatic stress disease that affected his memory, but he believed a jury of lay persons might not be receptive to this type of evidence. *Id*. Counsel conceded that he did not mention the issue to Stafford until just before commencement of the trial. *Id*.

Mussman testified that waiving the jury can be a reasonable trial strategy in some circumstances, but he believed it unwise in this case. (Doc. 13-2, p. 5) He noted that it takes only a single member to hang a twelve person jury. *Id*., n. 1. He stated trial counsel should have given Stafford a full three days to consider the issue. *Id*. He did not, however, explain the

- 7 -

contradiction between this three-day rule and the fact that defendants sometimes accept a plea offer extended the morning of trial. *Id.*

The trial court found as a preliminary matter that trial counsel's testimony was more credible than Stafford's. (Doc. 13-2, p. 6)  First, the court noted that Stafford's testimony at the hearing contradicted his testimony at the waiver colloquy, where he stated his waiver was voluntary, knowing and intelligent. *Id.*  The court found it suspicious that Stafford had such a clear memory of what his attorney told him the morning of trial because Stafford also testified that he was taking prescription medication at the time that caused him to be particularly susceptible to his attorney's advice. *Id.*  The court also found Stafford's clear recollection to be inconsistent with the expert testimony that he suffered from post-traumatic stress disease and amnesia. *Id.*

On the issue of ineffective assistance, the trial court found that trial counsel's performance was not deficient. (Doc. 13-2)  It was reasonable to believe that a jury might be swayed simply by the sheer number of charges (13). *Id.*, p. 6.  It was also reasonable to believe that expert testimony might be "better received by a judge skilled in complex legal training than a lay person." *Id.*, p. 7.  While reasonable minds might differ as to the wisdom of waiving the jury, "hindsight should not play a role in examining trial counsel's performance." *Id.*  The trial court further found that Stafford did not suffer prejudice because the outcome of the trial would have been the same had Stafford tried his case to a jury. *Id.*, pp. 6-7.

In this case, Stafford cannot overcome the presumption that counsel's advice was sound trial strategy.  It was at least reasonable to believe a jury might be more easily swayed by a sympathetic complaining witness than would be a judge. *See, e.g., Williams v. Breslin*, 2008 WL 4179475, 8 (E.D.N.Y. 2008) ("[C]ounsel's encouragement to forego a jury trial in the instant case does not constitute ineffective assistance, especially in light of the underlying crimes at issue in this case which would likely inflame a lay jury, and the overwhelming evidence of petitioner's guilt.").  It was also reasonable to believe that a jury might not be favorably disposed to a defendant facing a large number of counts.  Finally, it was at least

- 8 -

reasonable to believe highly technical expert testimony might be better received by a judge. *See, e.g., Steele v. U.S.*, 2005 WL 704868, 13 (S.D.N.Y. 2005) ("In short, defense counsel's strategy of a bench trial rather than a jury trial was reasonable, since the defense was a technical one that would not appeal to jurors."). In sum, counsel's advice to try the case to the bench was not deficient performance. *See, e.g., U.S. v. Ortiz Oliveras*, 717 F.2d 1, 4 (1st Cir. 1983) ("Counsel could well have reasoned that the possibility of acquittal by a jury was remote and, depending on his evaluation of the particular judge relative to the particular juries then sitting, could have decided that the former presented a lesser threat.").

In the alternative, the court finds that even if counsel's advice was deficient performance, Stafford makes no showing that if he had tried his case to a jury, the results would have been different. *See Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) (Petitioner did not show attorney's advice to waive jury trial caused him prejudice because "[i]t is more likely than not that Hensley would have been convicted had he gone to trial."); *but see McGurk v. Stenberg*, 163 F.3d 470, 474 (8th Cir. 1998) ("[C]ounsel's failure to inform McGurk of his right to a jury trial [] justifies a presumption of prejudice.").

The finding of the trial court[1] that counsel's advice was not ineffective assistance was not an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d).

In his second claim of attorney error, Stafford argues trial counsel was ineffective for failing to properly subpoena two witnesses who lived in Indianapolis, Indiana. (Doc. 1, p. 6) The first witness was a friend of the victim who would have testified that the victim had gotten pregnant by her boyfriend, Nick, and apparently had a miscarriage (Doc. 1, p. 6); (Doc. 1-1, p. 37) Further, she would have testified that the victim "seemed normal and happy and never gave any indication that she had been molested by her father." (Doc. 1, p. 6) The second

---

[1] This court analyzes the decision of the trial court because the court of appeals affirmed the trial court's decision without offering further analysis. (Doc. 1-1, pp. 44-45); (Doc. 13-2, pp. 41-42); *see Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004) (If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision.).

- 9 -

witness, apparently the mother of the first witness, would have testified that she knew Stafford well and allowed him to babysit her children. (Doc. 1, p. 7); (Doc. 1-1, p. 37) Stafford argues trial counsel was ineffective because he issued the two witnesses in-state subpoenas rather than out-of-state subpoenas thereby failing to secure their presence for trial. (Doc. 1, pp. 6-7)

At the evidentiary hearing, trial counsel testified that he may have used in-state subpoenas because the witnesses were sympathetic to the defense. (Doc. 26-4, p. 40) He explained that sometimes a sympathetic witness will request a subpoena, not for its legal effect, but so they can show it to their boss and request time off from work. *Id.*

The trial court found that even if counsel's performance was deficient, Stafford failed to show prejudice. (Doc. 13-2, p. 8) These two witnesses would have testified generally as to Stafford's good character, or that they saw no evidence of impropriety, or that the victim was headstrong and likely to fabricate her accusations. *Id.* This testimony, however, would have been cumulative to testimony already offered by Connie Stafford and Sandi Johnson. *Id.* The trial court found it speculative that testimony about the victim's pregnancy and miscarriage would have benefitted Stafford, "given the uncertainty as to *whom perhaps, was the father*." (Doc. 13-2, p. 8) (italics in original)

Assuming counsel's performance was deficient, this court concludes Stafford cannot show prejudice. As the trial court noted, the testimony that these two witnesses could have offered was largely cumulative to the testimony already provided by Connie Stafford and Sandi Johnson. *See* (Doc. 25-2, pp. 19, 23-24, 33-35, 37-38, 40-41); (Doc. 26-1, pp. 25-30) It is far from clear that testimony about the victim's pregnancy and miscarriage would have benefitted Stafford. Accordingly, Stafford cannot prove the outcome of the trial would have been different had trial counsel properly subpoenaed these two witnesses. *Id.*

The finding of the trial court[2] that counsel's allegedly deficient performance did not result in prejudice was not an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d).

Finally, Stafford claims trial counsel was ineffective for permitting testimony about the victim's "prior consistent statements." (Doc. 1, p. 7-8) At trial, the victim, her mother, and her boyfriend (Nick Adams) all testified about the victim's out-of-court statements accusing Stafford of molesting her. *Id.* Stafford argues trial counsel should have objected to the introduction of these hearsay statements. *Id.*

At the evidentiary hearing, trial counsel testified that he might have refrained from objecting due to trial strategy, but he could not recall any specifics. (Doc. 13-2, p. 7)

The trial court found that Stafford could not show counsel's performance was deficient, and if it was, he could not show prejudice because the alleged hearsay would have been admitted anyway "as a prior consistent statement" or "offered not to prove the matter asserted." (Doc. 13-2, pp. 7-8) Accordingly, Stafford could not prove that the outcome of the trial would have been different had trial counsel offered timely objections. *Id.*

The trial court's finding that the challenged statements would have been admitted even if counsel had raised a hearsay objection is not reviewable by this court. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 604 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003) ("We are bound by a state's interpretation of its own laws."). Accordingly, this court finds that Stafford cannot prove counsel's failure to raise hearsay objections caused him prejudice.

---

[2] This court analyzes the decision of the trial court because the court of appeals affirmed the trial court's decision without offering further analysis. (Doc. 1-1, pp. 44-45); (Doc. 13-2, pp. 41-42); *see Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004) (If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision.).

- 11 -

The finding of the trial court[3] that counsel's allegedly deficient performance did not result in prejudice was not an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus on the merits. (Doc. 1)  Stafford's waiver of his right to a jury trial was voluntary, knowing, and intelligent. Stafford's trial counsel was not ineffective.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 9th day of October, 2012.



Leslie A. Bowman
United States Magistrate Judge

---

[3] This court analyzes the decision of the trial court because the court of appeals affirmed the trial court's decision without offering further analysis. (Doc. 1-1, pp. 44-45); (Doc. 13-2, pp. 41-42); *see Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004) (If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision.).